IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| | § | |
| VS. | § | CRIMINAL NO. H-12-453 |
| | § | |
| LANCE DEANTON HENRY, | § | |
| | § | |
| Defendant-Petitioner. | § | |
| | § | |
| | § | |
| CIVIL ACTION H-14-627 | § | |

**MEMORANDUM AND OPINION**

Lance Deanton Henry pleaded guilty in 2012 to an indictment charging him with bank robbery. As part of his written plea agreement, Henry waived his right to appeal the sentence or to contest the conviction or sentence through postconviction proceedings. He received an 84-month sentence. Within a year, Henry filed a motion under 28 U.S.C. § 2255, seeking resentencing "without the 7-level enhancement." Based on the record and the applicable law, this court concludes that as a matter of law, Henry cannot show a basis for the relief he seeks. The government's motion for summary judgment dismissing the § 2255 motion is granted, (Docket Entry No. 117), and final judgment dismissing the corresponding Civil Action, No. 14-cv-627, with prejudice, is entered by separate order. The reasons are set out below.

**I.      Background**

Henry pleaded guilty and entered into a written plea agreement. That agreement is part of the record at Docket Entry No. 55. The plea agreement included a lengthy factual basis for the

guilty plea, setting out the details of the bank robbery during which each of the robbers carried and brandished a handgun. The rearraignment is transcribed at Docket Entry No. 114. The rearraignment included Henry's own statements, under oath, that he was satisfied with his counsel's representation; that he had no need for further consultation with counsel; and that he fully understood the plea consequences and plea agreement. The rearraignment included Henry's statements, under oath, that his plea was knowingly and voluntarily made. As part of the rearraignment, Henry admitted the truth of the detailed and specific factual basis for his plea. Henry heard a detailed account of his involvement in, and knowledge about, the armed bank robbery. He admitted to its truth, in writing and in court, under oath. The plea agreement included a waiver of appellate and collateral-challenge rights. Henry acknowledged his understanding of these waivers. This court specifically admonished him on the effect of the waivers, and Henry said he understood.

**II.     Analysis**

To obtain collateral relief under 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady,* 456 U.S. 152, 166 (1982). "Following a conviction and exhaustion or waiver of the right to direct appeal, [courts] presume a defendant stands fairly and finally convicted." *United States v. Cervantes,* 132 F.3d 1106, 1109 (5th Cir. 1998). "As a result, review of convictions under [§ ] 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *Id.; see also Massaro v. United States,* 538 U.S. 500, 504 (2003); *Frady,* 456 U.S. at 166; *United States v. Lopez,* 248 F.3d 427, 433 (5th Cir. 2001); *United States v. Kallestad,* 236 F.3d 225, 227 (5th Cir. 2000).

2

Henry is proceeding *pro se*. *Pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Haines v. Kerner,* 404 U.S. 519 (1972). At the same time, however, *pro se* litigants are still required to provide sufficient facts to support their claims. *United States v. Pineda,* 988 F.2d 22, 23 (5th Cir. 1993). Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* (citing *United States v. Woods,* 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see also Ross v. Estelle,* 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

A motion brought under 28 U.S.C. § 2255 may be denied without a hearing if the motion, files, and records of the case conclusively show that the defendant is not entitled to relief. *See United States v. Bartholomew,* 974 F.2d 39, 41 (5th Cir. 1992) *(per curiam)* (citing *United States v. Auten,* 632 F.2d 478 (5th Cir. 1980)). The record in this case is adequate to dispose of Henry's claims fully and fairly. An evidentiary hearing is not necessary.

A defendant may waive his right to appellate review and to post-conviction relief pursuant to 28 U.S.C. § 2255 if the waiver was knowing and voluntary. *See United States v. White,* 307 F.3d 336, 341 (5th Cir. 2002) (citing *United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir. 1994)); *see also United States v. Hernandez,* 234 F.3d 252, 254 (5th Cir. 2000). For such a waiver to be knowing and voluntary, the defendant must know that he had a right to seek appellate and collateral review and that he was giving up that right. *See United States v. Portillo,* 18 F.3d 290, 292 (5th Cir. 1994) (discussing waiver of appellate rights). A claim of ineffective assistance of counsel may survive a

waiver "when the claimed assistance directly affected the validity of that waiver or the plea itself." *White,* 307 F.3d at 343. As long as the plea and the waiver themselves were knowing and voluntary and the contested issue is the proper subject of a waiver, "the guilty plea sustains the conviction and sentence and the waiver can be enforced." *White,* 307 F.3d at 343–44.

In open court and in the written plea agreement, under oath, Henry stated that he fully understood the waiver of his right to bring an appeal and waived postconviction motions at the time the plea was accepted. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 73–74 (1977). This court found the plea to be knowing, voluntary, and informed. Henry voluntarily waived his § 2255 rights.

Henry claims that his counsel failed to explain to him that his sentence could be increased because his codefendants possessed and brandished guns in carrying out the bank robbery. The allegations of possessing and brandishing weapons were in counts that were dismissed as against Henry. But Henry was admonished at the rearraignment that his sentence could be higher based on penalties for conduct alleged in dismissed counts. Henry stated, under oath, that he understood. Henry was admonished that he could be sentenced to up to 25 years; that he could not appeal or file a later challenge to a sentence within the statutory limit; and that the sentence could be heavier based on the amount of money involved, his own criminal history, information developed during the presentence investigation, and conduct alleged in dismissed counts. He admitted to the factual basis, which included the facts that two firearms were possessed or brandished in the robbery and that the offense involved a carjacking. Henry stated that he understood and that he wanted to plead guilty with that understanding.

At sentencing, this court overruled counsel's objection to the five-level enhancement for brandishing the firearm and to the two-level enhancement for carjacking. The guideline range was 77 to 96 months, based on a criminal history category of IV and an offense level of 24. The sentence imposed was 84 months.

The ineffective-assistance-of-counsel claim in this case does not provide a basis to invalidate the waiver. The standard for judging the performance of counsel set out in *Strickland v. Washington,* 466 U.S. 668 (1984), requires the petitioner to prove (1) deficient performance and (2) resulting prejudice. *Strickland,* 466 U.S. at 697. Deficient performance is established by "show[ing] that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also United States v. Kimler,* 167 F.3d 889, 893 (5th Cir. 1999). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. On federal habeas review, scrutiny of counsel's performance "must be highly deferential," and the Court will "indulge a strong presumption that strategic or tactical decisions made after an adequate investigation fall within the wide range of objectively reasonable professional assistance." *Moore v. Johnson,* 194 F.3d 586, 591 (5th Cir. 1999) (citing *Strickland,* 466 U.S. at 689). In assessing counsel's performance, a federal habeas court must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time of trial. *Strickland,* 466 U.S. at 689; *Neal v. Puckett,* 286 F.3d 230, 236–37 (5th Cir. 2002). "A court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all

too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone,* 535 U.S. 685, 701 (2002) (citing *Strickland,* 466 U.S. at 689). Federal habeas courts presume that trial strategy is objectively reasonable unless clearly proven otherwise. *Strickland,* 466 U.S. at 689.

The second prong of the *Strickland* test looks to the prejudice caused by counsel's deficient performance. This requires "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *United States v. Mullins,* 315 F.3d 449, 456 (5th Cir. 2002) (quoting *Strickland,* 466 U.S. at 687). "[T]he defendant must show that counsel's errors were prejudicial and deprived defendant of a 'fair trial, a trial whose result is reliable.'" *United States v. Baptiste*, 2007 WL 925894, at *3 (E.D. La. Mar. 26, 2007)(quoting *Strickland,* 466 U.S. at 687). "This burden generally is met by showing that the outcome of the proceeding would have been different but for counsel's errors." *Id.* A defendant must satisfy both prongs of the *Strickland* test in order to be successful on an ineffective assistance claim. *See Strickland,* 466 U.S. at 697. A court deciding an ineffective assistance of counsel claim is not required to address these prongs in any particular order. *Id.* If it is possible to dispose of an ineffective assistance of counsel claim without addressing both prongs, "that course should be followed." *Id.* In *Hill v. Lockhart,* the United States Supreme Court held that the two-part *Strickland* standard was applicable to challenges to guilty pleas based on ineffective assistance of counsel. 474 U.S. 52, 58 (1985). With respect to the prejudice prong of *Strickland,* the defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Glinsey,* 209 F.3d 386, 392 (5th Cir. 2000) (quoting *Lockhart,* 474 U.S. at 59).

Henry's complaints about his attorney's performance are contradicted by the record. Henry

swore, under oath, to his satisfaction with his counsel's representation and his knowledge of and understanding of the plea agreement and its terms. It is clear that, as a matter of law, the ineffective assistance of counsel allegations are wholly unsupported. Under *Strickland,* a defendant "who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green,* 882 F.2d 999, 1003 (5th Cir. 1989) (citations omitted), *cited in United States v. Goodley,* 183 F. App'x 419, 422–23 (5th Cir. 2006). Henry has failed to meet this burden. His ineffective assistance of counsel claim fails as a matter of law. The claim that the plea agreement was ambiguous and that Henry did not understand the potential for the seven-level enhancement is contradicted by the record. This court found that Henry's plea, including the waiver of the rights to appeal and file a collateral challenge, was voluntarily and knowingly made. Henry's sworn responses to this court's questions at the rearraignment and his waiver preclude the relief he seeks in this § 2255 motion.

### III. **Certificate of Appealability**

Because Henry's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson,* 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson,* 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the defendant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires the defendant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires the defendant to show "that reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2255 Motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El,* 537 U.S. at 336.  A district court may deny a certificate of appealability on its own, without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).  After carefully considering the record, the court concludes that jurists of reason would conclude without debate that Henry has not stated a valid claim for relief under § 2255.  A certificate of appealability will not issue.

**IV.    Conclusion**

Henry is not entitled to relief under 28 U.S.C. § 2255.  The government's motion for summary judgment dismissing the § 2255 motion is granted, (Docket Entry No. 117).  The corresponding civil action (H–14cv-627) is dismissed with prejudice.  A certificate of appealability from this decision is denied.

SIGNED on June 23, 2014, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge